# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

March 2, 2023

<u>*Via Electronic Filing*</u>
The Honorable Nicholas G. Garaufis, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Dawkins v. Restonic Sales, Inc.*
         Case No.: 1:22-cv-06624-NGG-LB

Dear Honorable Judge Garaufis:

  This law firm represents Defendant Restonic Sales, Inc. (the "Defendant") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules V(A)(2) this letter respectfully serves to respectfully request a pre-motion conference on Defendant's anticipated motion to dismiss (the "Motion to Dismiss") the First Amended Complaint, filed on February 9, 2023[Dckt. No. 12] (the "Amended Complaint", or the "*FAC*"), by Plaintiff Elbert Dawkins (the "Plaintiff") pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) and 12(b)(6) (the "Motion to Dismiss") and for sanctions under 28 U.S.C. § 1927, and the Court's inherent authority and attorneys' fees and costs under 42 U.S.C. 12181, et seq. (the "ADA") and the Administrative Code of the City of New York § 8-107, et seq. (the "NYCHRL")[1] (the "Motion for Sanctions").

  **I.**  **Introduction**

  By way of relevant procedural background, on January 19, 2023, Defendant filed a pre-motion conference letter [Dckt. No. 10], in contemplation of Defendant's motion to dismiss Plaintiff's original complaint filed on October 31, 2022 [Dckt. No. 1] (the "Original Complaint").

  The contemplated motion to dismiss sought the dismissal of the Original Complaint, on the basis that, *inter alia*, Plaintiff failed to establish a "reasonable inference" of an intent to patronize Defendant's e-commerce site, https://restonic.com/ ("Defendant's Website").

  Plaintiff's Amended Complaint is doomed to fail because it has not – and cannot – cure the deficiencies in the original complaint filed on October 31, 2022 [Dckt. No. 1] (the "Original Complaint"). First, Plaintiff has failed to state a claim for relief under Title III of the ADA. Second, Plaintiff's allegations of "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Third, Plaintiff has not – and cannot – establish the requisite "reasonable inference" of an intent to patronize Defendant's Website.

  Moreover, by continuing to pursue claims based on misrepresentations of material facts, Defendant is entitled to sanctions under each independent basis of 28 U.S.C. § 1927, and the Court's inherent authority and attorneys' fees and costs under the ADA and the NYCHRL.

---

[1] N.Y.C. Admin. Code § 8-502(g).

## II. Summary of Relevant Facts

According to the operative Amended Complaint, Plaintiff is a "visually-impaired and legally blind person[.]" [*Am. Compl.* at ¶ 2]. The Amended Complaint does not allege whether Plaintiff has no vision at all, or has low vision. [*Id.*].

The Amended Complaint alleges that on two (2) lone instances, nearly one (1) year ago in August 2022 Plaintiff visited Defendant's Website for the express purpose of: "peru*s[ing]the products and services* offered through the Website…" [*Am. Compl.* at ¶¶ 26].

The Amended Complaint further states, in conclusory fashion, that Plaintiff "intends to visit the Website in the near future if he can access the Website." [*Am. Compl.* at ¶ 31].

As set forth more fully below, these are fatal pleading defects.

## III. Plaintiff Lacks Standing Because He Suffered No Injury-In-Fact

Standing is an integral part of the constitutional limitation that federal courts can hear only cases or controversies pursuant to Article III of the United States Constitution. *See Simon v. Eastern Kentucky Welfare Right Organization*, 426 U.S. 26, 41-42 (1976). Absent Article III standing, a federal court "lacks subject matter jurisdiction to hear the case and it must be dismissed." *Ross v. AXA Equitable Life Ins. Co*., 115 F. Supp. 3d 424, 432 (S.D.N.Y. 2015). "'[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 489-90 (1975), (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962). A plaintiff bears the burden of meeting the "irreducible constitutional minimum of standing" by proving, *inter alia,* "…an injury in fact…which is (a) **concrete and particularized** and (b) **actual or imminent**, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations, and citations omitted), (emphasis added).

The "actual or imminent" component has special importance in cases seeking prospective injunctive relief. That is because standing for injunctive relief requires "a *present* case or controversy"; past harm "unaccompanied by any continuing, present adverse effects" is not enough. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (emphasis added). A plaintiff must demonstrate a "threat of future injury" that is "real and immediate," and "not conjectural or hypothetical." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004); *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 102–06 (1983).

The Amended Complaint alleges that on two (2) lone instances, nearly one (1) year ago in August 2022 Plaintiff visited Defendant's Website for the express purpose of: "peru*s[ing]the products and services* offered through the Website…" [*Am. Compl.* at ¶¶ 26].

This is a fatally defective allegation, considering the undeniable fact that ***Defendant's Website offers no products for sale, or services.*** Defendants' Website simply contains information regarding products (*i.e.,* mattresses) which can only be purchased directly from third-party retailers.

At most, these claims amount to the sort of "informational" and "dignitary" harm that are insufficiently "concrete and particularized" to constitute an injury-in-fact. *See Gannon v. 31 Essex Street LLC, et al*, 2023 WL 199287, at *4 (S.D.N.Y. 2023) ("Article III does not grant a 'freewheeling power to hold defendants accountable for legal infractions'") (citing *Harty*, 28 F.4th at 443); *Harty,* 28 F.4th 435. (affirming District Court's dismissal of tester plaintiff's complaint, alleging informational injury); *Hernandez v. Caesars License Co., LLC,* 2019 WL 4894501, at *2-4 2019 WL 4894501 (D. N.J. 2019) ("non-disclosure [of information] is not an injury in and of itself. Rather, plaintiff[] must show that an alleged non-disclosure actually harms them"); *Anderson v. Kohl's Corporation,* 2013 WL 1874812, at *5 (W.D Pa., 2013) ("one-off visits" and a "general allegation of a desire to return" to accommodation insufficient to establish standing); *see also Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 653-57 (4th Cir. 2019) (finding that a plaintiff's asserted "informational" and "dignitary" harms were insufficiently "concrete and particularized" to constitute an injury-in-fact where the information he allegedly could not access on a credit union's website had no relevance to him, and holding that his intent to return to the website as a tester "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *see also Laufer v. Ft. Meade Hosp., LLC*, 2020 WL 6585955, at *4 (D. Md. 2020) (relying on *Griffin* in dismissing tester plaintiff's ADA action for lack of standing); *Carroll v. Roanoke Valley Cmty. Credit Union*, 2018 U.S. Dist. LEXIS 98284, at *12 (W.D. Va. 2018); *Norkunas v. Park Rd. Shopping Ctr., Inc*., 777 F. Supp. 2d 998, 1005 (W.D.N.C. 2011) (noting that "the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing"); *Harty v. 42 Hotel Raleigh, LLC*, 2011 WL 1252877 (E.D.N.C., 2011) (this plaintiff's single visit to a hotel and indefinite plans to return, not particularly described, was not sufficient to establish standing).

Moreover, of critical importance, the Amended Complaint simply alleges that Plaintiff "intends to visit the Website in the near future if he can access the Website." [*Am. Compl.* at ¶ 31]. This conclusory allegation is not enough. *Laufer v. Mann Hosp., LLC*, 2020 WL 6018945, at *5 (W.D. Tex. 2020) (finding the plaintiff's arguments that "being a customer or client is not required to allege an ADA violation" and "that the Supreme Court has held, generally, that it is possible to sue over informational violations created by statute" "do not overcome decades of federal law requiring a concrete and particularized injury" and threat of future injury, and that the plaintiff had not met these requirements where she "has not provided any evidence suggesting future plans to visit" the area near the defendant's hotel or "suggesting she visits [the area] frequently").

### IV. Plaintiff Cannot Establish a "Reasonable Inference" of an Intent to Patronize Defendant's Website

In the case at bar, Plaintiff calls into question whether they have established the requisite "reasonable inference" of an intent to patronize Defendant's Website. *Access 4 All, Inc*, 2006 U.S. Dist. LEXIS 96742 at *34. In determining whether an ADA plaintiff has raised such an inference, the Second Circuit has instructed that courts should consider a variety of factors, including the proximity of the defendant's services to the plaintiff's home, the frequency of the plaintiff's past visits to defendant's public accommodation, plaintiff's occupation, plaintiff's demonstrated travel habits, and a plaintiff's serial litigation history. *Tozzer, Ltd*., 2018 WL 1872194 at *4 (citations

omitted).

When considered alongside Plaintiff's vague allegations and serial litigation history[2], Amended Complaint simply fails to plausibly demonstrate a plausible "reasonable inference" of an intent to patronize, as required to establish standing under Title III. District courts in the Second Circuit, and in other Circuits, have dismissed nearly identical pleadings filed by other "tester" plaintiffs for failing to establish actual or imminent injury sufficient to confer standing. *See e.g., Sarwar v. L.S.K., Inc.*, 2021 WL 4317161, at *3 (D.N.J. 2021); *see also Harty,* 28 F.4th 435.

**V.     Conclusion**

The operative facts in Plaintiff's Complaint are substantially similar to 598 other complaints[3] filed in the Southern and Eastern Districts of New York by Plaintiff's counsel, Mark Rozenberg ("Attorney Rozenberg"), and elsewhere by self-proclaimed ADA "testers" that have inundated federal courts with questionable complaints in the last few years that have more to do with garnering attorneys' fees than ensuring access under the ADA.[4]

For all of the foregoing reasons, it is respectfully submitted the Court schedule a pre-motion conference on Defendant's anticipated Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and Motion for Sanctions under 28 U.S.C. § 1927, and the Court's inherent authority and attorneys' fees and costs under the ADA and the NYCHRL

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/ Jason Mizrahi*
    Jason Mizrahi, Esq.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel. No.:  (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendant*

VIA ECF: All Counsel

Encl.

---

[2] "The more hotels sued by an individual ADA plaintiff, the less likely it is that the plaintiff will be able to demonstrate a plausible intention to return to each of those hotels in the 'imminent' future to enjoy its facilities." *Access 4 All, Inc.,* 2006 U.S. Dist. LEXIS 96742 at *33; *Laufer v. Dove Hess Holdings, LLC*, 2020 U.S. Dist. LEXIS 246614 (N.D.N.Y. 2020) *motion to certify appeal denied*, 2021 WL 365881 (N.D.N.Y. 2021) (taking judicial notice of carbon-copy ADA lawsuits filed by plaintiff in context of challenge to standing); *See also* Ex. A.

[3] A true and correct compendium of the 598 ADA-cases filed in this District by Attorney Rozenberg, as of September 26, 2022, is annexed hereto as **Exhibit "A"**.

[4] *See, e.g.*, *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, 2006 U.S. Dist. LEXIS 96742 at *34-35 (S.D.N.Y. 2006). (citing *Doran v. Del Taco, Inc*., 2006 U.S. Dist. LEXIS 53551, at *15-16 (C.D. Cal. 2006)). (Recognizing "the ability to profit from ADA litigation," and rather than "informing the business of the violations and attempting to remedy them, lawsuits are filed, as pre-suit settlements…do not vest plaintiff's counsel with an entitlement to attorney's fees under the ADA.")